# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:19-cr-406-TPB-TGW

UBALDO GUTIERREZ RAMIREZ,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S
## MOTION FOR COMPASSIONATE RELEASE

This matter is before the Court on Defendant Ubaldo Gutierrez Ramirez's motion for compassionate release, filed *pro se* on July 11, 2022. (Doc. 421). On July 12, 2022, the Court directed the Government to respond. (Doc. 422). On August 2, 2022, the Government filed its response. (Doc. 424). After reviewing the motion, response, case file, and the record, the Court finds as follows:

On January 5, 2021, the Court sentenced Defendant to 60 months imprisonment after he pleaded guilty to conspiracy to possess with intent to distribute 5 kg or more of cocaine and possession with intent to distribute cocaine. (Doc. 286). Defendant is currently incarcerated at Coleman Low FCI, and he is projected to be released on February 25, 2025.

In his motion, Defendant, age 37, requests that the Court modify or reduce his sentence to release him from federal prison due to his medical conditions, the spread of covid-19 among incarcerated persons, and the Bureau of Prison's inadequate response to the covid-19 pandemic. Specifically, Defendant claims that

he suffers from numerous medical conditions – including latent tuberculosis – that make him more susceptible to covid-19 infection and/or complications. Defendant seeks release under 18 U.S.C. § 3582(c)(1)(A), sometimes referred to as "compassionate release."

A district court is not free to modify a term of imprisonment once it has been imposed, except upon motion of the Director of the Bureau of Prisons ("BOP"); or upon motion by the defendant, after he has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or 30 days has elapsed from receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009). To warrant a reduction of his sentence in this case, Defendant must present "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

After reviewing the applicable law and facts presented here, the Court finds that Defendant is not entitled to relief. Initially, the Court finds that it appears that Defendant has failed to exhaust his administrative remedies. Although Defendant alleges that he submitted a request in March 2022 that was ignored, he does not attach any records to his motion. However, even if Defendant had exhausted his administrative remedies, the Court finds that Defendant is not entitled to relief because he has not demonstrated extraordinary and compelling reasons warranting a modification of his sentence based on his medical conditions.[1]

---

[1] In USSG § 1B1.13, the Sentencing Commission has set specific examples of "extraordinary and compelling reasons" that may qualify a defendant for compassionate release, including:

Defendant is a 37-year old offender and claims that his medical conditions, including latent tuberculosis, make him particularly vulnerable to covid-19. However, he has not shown that any of his alleged medical conditions constitute a serious physical or medical condition that substantially diminishes his ability to provide self-care within the correctional facility and from which he is not expected to recover. "General concerns about possible exposure to covid-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13." *See United States v. Eberhart*, No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("But the mere existence of covid-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.").

Finally, even if Defendant could establish an extraordinary or compelling reason for compassionate release, the applicable Section 3553(a) factors weigh strongly against granting compassionate release in this case. Considering the § 3553 factors, including Defendant's criminal history and characteristics,[2] the Court

---

(1) the defendant suffers from a terminal illness or a serious physical or medical condition that substantially diminishes his ability to provide self-care and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old and experiencing a serious deterioration in his physical or mental health, and he has served at least 10 years or 75% of his prison sentence; (3) particular family circumstances; and (4) other reasons as determined by the BOP.

[2] Defendant has been convicted of numerous offenses, including felonies.

finds that release would not be appropriate here. Consequently, Defendant's motion for compassionate release is hereby **DENIED**.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 15th day of August, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**